UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJAMEL AMEZIANE, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>BARACK OBAMA, *et al.*, )<br>)<br>)<br>Respondents. )<br>) | Civil Action No. 05-392 (ESH) |

## ORDER

Upon consideration of petitioner's classified motion for summary judgment (Feb. 12, 2009), the government's classified opposition thereto (Feb. 27, 2009), petitioner's classified reply (Mar. 3, 2009), the government's memorandum regarding the government's detention authority relative to detainees held at Guantanamo Bay (Mar. 13, 2009) (Dkt. 181), petitioner's response thereto (Mar. 24, 2009) (Dkt. 188), the government's classified closing brief in opposition to motion for summary judgment (Mar. 25, 2009) and petitioner's classified closing memorandum of law in further support of motion for summary judgment (Apr. 1, 2009), and the entire record herein, and for the reasons stated during the classified proceeding held on April 29, 2009, the Court finds that there are genuine issues of material fact that cannot be resolved on a motion for summary judgment and must await a hearing on the merits.  Accordingly, it is

**ORDERED** that petitioner's motion for summary judgment is DENIED.  It is

**FURTHER ORDERED** that the definition of "reasonably available evidence," referred to in the Court's December 2, 2008 Order (Dkt. 124), as amended by its December 19, 2008

Order (Dkt. 134), includes, in addition to evidence discovered by government attorneys while preparing petitioner's factual return and litigating habeas corpus petitions filed by other detainees, any evidence discovered during the ongoing review of Guantanamo cases ordered by President Obama on January 22, 2009.  *See* Executive Order 13,492, § 2(d) (ordering the "prompt and thorough review of the factual and legal bases for the continued detention of all individuals currently held at Guantanamo, and of whether their continued detention is in the national security and foreign policy interests of the United States and in the interests of justice"); *see also id.* § 4.  This definition of "reasonably available evidence" applies to both the government's exculpatory evidence and automatic discovery obligations.  It is

**FURTHER ORDERED** that, on or before May 18, 2009, the government shall file an updated certification, signed by counsel, that indicates that it has complied with its continuing obligation to produce exculpatory evidence and automatic discovery as required herein and in the Court's prior Orders.  It is

**FURTHER ORDERED** that petitioner shall issue written discovery requests to the respondents and shall confer with opposing counsel before submitting a motion for discovery pursuant to ¶ I.E.2 of Judge Hogan's Case Management Order (Dkt. 940, Misc. No. 08-442). Petitioner's motion for discovery shall be submitted on or before May 22, 2009.  Petitioner's motion for discovery shall "(1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful . . .; and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government."  *Id.* at 2.  The government shall file its opposition on or before June 3, 2009.  It is

**FURTHER ORDERED** that the next hearing is set for June 16, 2009, at 10:00 a.m.

S**O ORDERED.**

                                                    /s/
                                   ELLEN SEGAL HUVELLE
                                   United States District Judge

DATE:   April 30, 2009